UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: QUEST INTEGRITY USA, LLC,
('874) PATENT LITIGATION                                                                   MDL No. 2671

ORDER DENYING TRANSFER

**Before the Panel:**[*] Patentholder and plaintiff Quest Integrity USA, LLC (Quest) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Delaware. This litigation consists of three actions—two actions pending in the District of Delaware and one action in the Western District of Washington—as listed on Schedule A. The defendant in the Washington action, A.Hak Industrial Services US, LLC, opposes centralization. No other parties responded to the motion.[1]

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. There undoubtedly is some factual overlap among these actions, as each involves the alleged infringement of the same patent.[2] Where only a minimal number of actions are involved, however, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Quest has not met that burden here. There effectively are just two actions pending here, each brought by Quest. Both of the judges assigned to these actions are experienced jurists who have guided these actions through motions for preliminary injunction with little difficulty. And, the defendants in these actions already have coordinated with one another with respect to discovery pertaining to those motions—even to the point of sharing the same expert witness. In these circumstances, informal coordination between the two involved courts and cooperation by the parties is both practicable and preferable to centralization. *Cf. In re Constellation Techs. LLC Patent Litig.*, 38 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014) (denying centralization of five actions pending in two districts).

---

[*] Judges Sarah S. Vance, Marjorie O. Rendell, and Lewis A. Kaplan took no part in the decision of this matter.

[1] One of the Delaware defendants, Clean Harbors Industrial Services Inc., did not respond to the motion, but filed a Notice of Waiver of Oral Argument in which it indicated support for centralization of this litigation in the District of Delaware.

[2] The patent at issue is U.S. Patent No. 7,542,874, which is entitled "2D and 3D Display System and Method for Furnace Tube Inspection." This patent relates to technology used at petroleum and petrochemical refineries to inspect the physical integrity of furnace tubes.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Charles R. Breyer
Acting Chair

Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

IN RE: QUEST INTEGRITY USA, LLC,
('874) PATENT LITIGATION                                            MDL No. 2671

## SCHEDULE A

District of Delaware

QUEST INTEGRITY USA LLC v. CLEAN HARBORS INDUSTRIAL SERVICES
    INC., C.A. No. 1:14-01482
QUEST INTEGRITY USA LLC v. COKEBUSTERS USA INC., C.A. No. 1:14-01483

Western District of Washington

QUEST INTEGRITY USA, LLC v. A.HAK INDUSTRIAL SERVICES US, LLC,
    C.A. No. 2:14‑01971